UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-MJ-03237-BECERRA

UNITED STATES OF AMERICA

vs.

DAVID TYLER HINES,

       Defendant.
_____/

## ORDER GRANTING *ORE TENUS* MOTION FOR COMPETENCY EVALUATION AND SETTING STATUS CONFERENCE

Defendant David Tyler Hines has been charged via complaint with false statements to a lending institution, bank fraud, and engaging in transactions in unlawful proceeds relating to a scheme involving a Paycheck Protection Program loan. This matter was before the undersigned for a status conference on August 10, 2020. At that time, counsel for the government made an unopposed *ore tenus* motion for a competency evaluation. The government advises that the defendant made unusual comments to agents upon arrest. For example, the defendant indicated that his emergency contact was God. Defense counsel advises that the defendant has previously been detained and evaluated pursuant to the Florida Mental Health Act of 1971. For these reasons, the Motion is granted.

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the

court, prior to the date of such hearing. 18 U.S.C. § 4241(b). This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of Title 18, United States Code, Section 4247. 18 U.S.C. §§ 4241(b), 4241(c).

Pursuant to Title 18, United States Code, Section 4247(c), a report of examination shall include:

(1) the person's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis, and—

(A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based upon the Government's unopposed motion, and the reasons herein, the undersigned Magistrate Judge finds that there is reasonable cause to believe the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Therefore, a competency evaluation will be ordered pursuant to 18 U.S.C. § 4241(a).

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the *ore tenus* Motion for Competency Evaluation, is **GRANTED** as follows:

1. Based on the parties' agreement, defendant David Tyler Hines shall be evaluated by Dr. Wade Silverman, a qualified psychologist, to determine his competency to understand the

proceedings in this Court, pursuant to 18 U.S.C. §§ 4241, 4247(b).  The Government shall bear the cost of the examination.

    2.    At the conclusion of the examination, the examining psychologist shall produce a report in accordance with 18 U.S.C. § 4247(c). The report shall conform to the requirements of 18 U.S.C. § 4247(c), which requires that the report include:

    (1)    the person's history and present symptoms;

    (2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3)    the examiner's findings; and

    (4)    the examiner's opinions as to diagnosis, prognosis, and

        (A)    . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

A copy of the Report shall be furnished to the Court, to counsel for the Defendant, and to the United States. Counsel for the United States shall ensure that a copy of that report is filed under seal with the Court.

    3.    A Report re Counsel is set for **Wednesday, September 9, 2020 at 1:00 P.M**. before the Duty Magistrate Judge.

    4.    A Status Conference Re Competency Evaluation is set for **Wednesday, September 30, 2020 at 1:00 P.M.** before the Duty Magistrate Judge.

5. The period of delay resulting from the examination of the Defendant and any subsequent judicial proceedings to determine the Defendant's competence shall be deemed excluded for Speedy Trial Act calculations, pursuant to 18 U.S.C. § 3161(h)(1)(A), to the extent that the Act applies to proceedings regarding revocation of supervised release.

DONE AND ORDERED in chambers at Miami, Florida on September 2nd, 2020.

                                        HONORABLE ALICIA M. OTAZO-REYES
                                        UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record