UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-3237-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID TYLER HINES,

    Defendant.
_____/

**MOTION TO VACATE ORDER
FOR COMPETENCY EVALUATION**

David Hines, through undersigned counsel, files this Motion requesting that the Court vacate its Order that Mr. Hines submit to a competency evaluation and as grounds therefore states:

On July 23, 2020, the government filed a criminal complaint charging Mr. Hines with making false statements to a lending institution in violation of 18 USC §1014, bank fraud in violation of 8 USC §1344 and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 USC §1957. DE 1. On July 27, 2020, Chad Piotrowski entered a temporary notice of appearance in Mr. Hines' case, and Mr. Hines made his initial appearance. DE 3, 4. The case was set for Report re Counsel on August 10 and 24, 2020. DE 6, 7. Mr. Piotrowski was not

prepared to enter a permanent appearance on August 24, and the case was reset again for report re counsel on September 9, 2020. DE 7.

At the report re counsel hearing before the Honorable Alicia M. Otazo-Reyes on September 2, 2020, while Mr. Piotrowski was still temporarily representing Mr. Hines, the government made an ore tenus motion seeking a competency evaluation. DE 11. Mr. Piotrowski did not oppose the government's motion. In support of its request, the government cited to an unusual comment that Mr. Hines allegedly made upon his arrest. In addition, Mr. Piotrowski proffered to the Court, incorrectly as will be discussed in more detail below, that Mr. Hines had previously been detained and evaluated "pursuant to the Florida Mental Health Act of 1971." *Id.* Based on the information proffered to the Court, and without defense objection, the Court entered an Order that Mr. Hines be evaluated for competency. DE 11.

On September 9, 2020, the Court held a report re counsel hearing. DE 12. At that hearing, Mr. Piotrowski informed the Court that he would not be entering a permanent appearance and requested that the Court appoint counsel to represent Mr. Hines. *Id.* Mr. Hines was colloquied, and the Court appointed the Federal Defender's Office to represent him. *Id.* Following the Federal Defender's appointment, undersigned counsel reviewed the docket

2

sheet, the Court's competency evaluation order, and interviewed Mr. Hines. Defense counsel concluded that insufficient evidence was presented to the Court to warrant an evaluation and that it was, at the very least, premature to conduct a competency evaluation. Defense counsel contacted AUSA Emily Scruggs and AUSA Michael Berger and informed them that he would be seeking to vacate the evaluation order. The government objected to defense counsel's request. Defense counsel now moves the Court to vacate the Order.

Pursuant to Title 18, United States Code, Section 4241(a), the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §4241. The statute goes on to state that, prior to the date of the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted … .." 18 U.S.C. 4241(b).

Based on undersigned counsel's investigation, the evidence proffered to the Court was incorrect on a crucial issue. The remaining evidence is insufficient to establish a "reasonable cause to believe" that Mr. Hines is

3

suffering from a mental disease or defect severe enough to render him unable to understand the nature and consequences of the proceedings against him. Despite prior counsel's proffer to the Court, Mr. Hines has never been committed for an evaluation pursuant to the Florida Mental Health Act of 1971. Although it is possible that Mr. Hines was committed pursuant to the Marchman Act, that statute relates to commitment based substance abuse issues rather than mental health issues. *See,* Fla. Stat. Ann. § 397.305 et seq. Consequently, the only piece of evidence to support the government's request for a competency evaluation is their proffer that he made a statement that they felt was odd. Undersigned counsel has no reports concerning the statement and cannot determine whether Mr. Hines made the statement sarcastically, in jest or for some other reason. This statement standing alone is insufficient to raise a concern that Mr. Hines cannot understand the proceedings against him or assist in his defense. Defense counsel has had the opportunity to observe Mr. Hines in Court on September 9, 2020. At that hearing, Mr. Hines appeared rational, intelligent and able to understand the proceedings.

Even if there were sufficient grounds to conclude that a competency evaluation might be warranted, ordering an evaluation at this time would be premature. Mr. Hines' previous attorney had no records concerning the

4

prior alleged detention and evaluation, and based on information obtained at this point, was actually incorrect concerning the nature of that detention. Before requesting an evaluation, undersigned counsel believes it would be necessary to seek and obtain records concerning the incident to which the previous attorney referred.

As noted above, undersigned counsel has conferred with AUSAs Scruggs and Berger, who have indicated that they object to the defendant's Motion.

For the above reasons, Mr. Hines respectfully requests that the Court vacate its Order for a competency evaluation.

        Respectfully Submitted,

        MICHAEL CARUSO
        FEDERAL PUBLIC DEFENDER

        BY:   *s/R. D'Arsey Houlihan*
            R. D'Arsey Houlihan
            Supervisory Assistant Federal Public Defender
            Florida Bar No. 100536
            150 W. Flagler Street, Suite 1700
            Miami, Florida 33130-1556
            (305) 530-7000
            (305) 536-4559, Fax
            E-Mail: d'arsey_houlihan@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **September 22, 2020**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan
